IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

MISTI HARLOW,

       Plaintiff,      Case No. 3:14 CV 879

 -vs-

                MEMORANDUM OPINION

WESTERN OHIO REGIONAL
TREATMENT AND REHABILITATION CENTER,
et al.,
       Defendant.

KATZ, J.

  This matter is before the Court on Plaintiff's motion to remand the case to the Court of Common Pleas for Allen County, Ohio. (Doc. No. 6). Plaintiff has also moved for attorney fees and costs. While the defendants do not oppose the motion to remand, they do oppose the request for attorney fees and costs. (Doc. No. 7). Plaintiff has filed a reply. (Doc. No. 8).

  Upon review, the motion to remand is granted because the Court lacks federal jurisdiction over the case.

  Plaintiff's motion for attorney fees and costs is governed by 28 U.S.C. § 1447(c). The Sixth Circuit has held that district courts have considerable discretion in awarding or denying attorney fees and costs under § 1447(c). *Powers v. Cottrell, Inc.*, 728 F.3d 509, 514 (6th Cir. 2013).

  Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court has instructed that fee awards are inappropriate unless "the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *see also Paul v. Kaiser Found. Health Plan*, 701 F.3d 514, 523 (6th Cir. 2012).

The "appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Martin*, 546 U.S. at 140. Although the general rule is that courts may award attorney fees only where the removing party lacked an objectively reasonable basis for seeking removal, "[i]n applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." *Id*. at 141.

The Sixth Circuit has stated that under the well-pleaded complaint rule, if the plaintiff's complaint relies only on state law claims, the case may not be removed. *Gentek Bldg. Prods., Inc. v. Sherwin–Williams Co.*, 491 F.3d 320, 325 (6th Cir. 2007). The two paragraphs of the complaint which the Defendants admit led to their removal action are as follows:

> 38. Plaintiff states that defendants WORTH Center, FGB and Fuerstenau, while acting under color of law, deprived her of her constitutional rights of due process and freedom of speech.
>
> 39. Plaintiff says her rights of due process and freedom of speech are secured by the Ohio Constitution, Article I, Sec. 1 and Sec. 11.

(Doc. No. 1-2, p. 7).

In their notice of removal, the Defendants state that because the Ohio courts have held Article I, Section 1 of the Ohio Constitution does not provide a private right of action, the "only method by which a civil rights claim can be made is by 42 U.S.C. § 1983, and under federal law." (Doc. No. 1, p. 3).

Plaintiff's complaint is explicit that she is seeking relief only under Ohio's Constitution. Whether the state courts of Ohio have held that a cause of action exists under Article I, Section 1 of the Ohio Constitution is irrelevant to the question of removal. There is nothing in the complaint which would indicate Plaintiff is seeking relief under the United States Constitution or the laws of the United States.

## Conclusion

Accordingly, the motion to remand and the motion for attorney fees and costs are granted. Plaintiff's counsel shall have fourteen (14) days from the date of this order to present an itemized list of attorney fees and costs for the Court's review.

IT IS SO ORDERED.

                                          s/ *David A. Katz*
                                          DAVID A. KATZ
                                          U. S. DISTRICT JUDGE